**JIN XI ZHANG, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,\* Respondent.**

**No. 08–5383–ag.**

United States Court of Appeals, Second Circuit.

June 18, 2009.

Andre Sobolevsky, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General; Terri J. Scadron, Assistant Director; Greg D. Mack, United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

Attorney General Michael B. Mukasey as respondent in this case.

## SUMMARY ORDER

Jin Xi Zhang, a native and citizen of the People's Republic of China, seeks review of an October 28, 2008 order of the BIA denying his third motion to reopen his removal proceedings. *In re Jin Xi Zhang,* No. A70 652 805 (B.I.A. Oct. 28, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006) (internal quotation marks omitted). Here, the BIA did not abuse its discretion in finding that Zhang failed to establish *prima facie* eligibility for the underlying relief he sought. *See Poradisova v. Gonzales,* 420 F.3d 70, 78 (2d Cir.2005). The BIA properly found that Zhang was not eligible for relief based on his wife's alleged forced sterilization, arrest, and fine. *See Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 309 (2d Cir.2007). The BIA also reasonably declined to accord weight to the village committee notice Zhang submitted because it was inconsistent with evidence that he had submitted to the agency. As the agency had previously found Zhang not credible, it was under no obligation to credit the evidence he submitted with his motion. *See Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 146–47 (2d Cir. 2007); *see also Kaur v. BIA,* 413 F.3d 232, 234 (2d Cir.2005) (per curiam).

The BIA's finding that Zhang failed to establish his *prima facie* eligibility for the relief he sought was dispositive of his motion. *See INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.